MAE T. SMITH, Respondent, v. UNITED RAIL-WAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, November 4, 1913.

1. **DAMAGES: Action for Personal Injuries: Instructions: Limitation.** In an action for personal injuries, a petition alleging that plaintiff was incapacitated from teaching music, at which she had been earning about $150 per month, and from attending to any other duties, and would be incapacitated therefrom in the future, and that she had thereby suffered and would in the future suffer "great loss in her earnings," did not limit the recovery for loss of earnings in the future to $150 per month, and hence the instruction on the measure of damages was not erroneous for failing to limit the recovery for loss of time in the future to $150 per month.

2. ———: ———: **Excessiveness of Verdict.** In an action for personal injuries, it was shown that plaintiff, a woman 30

years of age, and earning about $21.00 per week as a music teacher, suffered, as the result of the negligence complained of, a concussion of the brain, three fractured ribs, and a severe injury to the nervous system, resulting in loss of memory, inability to sleep, chills, cramps and symptoms of goiter; that she was confined to her bed about four months, and during the two following months was unable to walk alone; that, ever since the injury, she had at times suffered a severe pain in her head, and her memory had become greatly impaired; that she was unable to take up the teaching of music for nine months and was unable then to perform her work as she did before; that, although her injuries were not permament, she would be more volunerable to nervous shocks than she was before her injury; and that she had paid out $335 for medical attendance. *Held*, that a verdict for $4,250 was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Boyle & Priest* for appellant.

The court erred in the instruction requested by plaintiff in allowing an unlimited recovery for future loss of earnings. Radtke v. Basket & Box Co., 229 Mo. 1; Smoot v. Kansas City, 194 Mo. 522; Heinz v. Railroad, 143 Mo. App. 38.

*Frank H. Haskins* for respondent.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff was a passenger on one of defendant's street cars March 7, 1910, and it appears that she came to her injury as the result of a derailment of the car in which she was seated. She was thrown from the seat against the floor of the car and thereby rendered unconscious. The evidence tends to prove she received other injuries, among which is the fracture of three ribs.

At the trial, defendant admitted the matter of its liability for plaintiff's injuries, and the only issue in the case pertained to the measure of the damages she should recover. Therefore, the principal argument put forward here for a reversal of the judgment relates to plaintiff's instruction on the measure of damages, for it is said to authorize a recovery for the future loss of earnings without regard to the limitations contained in the prayer of the petition on that account, but we are not so persuaded.

The petition concludes by praying a recovery in damages in amount to $10,000, and the first section of plaintiff's instruction informs the jury that any recovery allowed her must not exceed the total sum of $10,000. There is no specific limitation set forth in the petition touching the amount of plaintiff's loss on account of future earnings, though it is averred she was earning $150 per month at the time she was injured. So much of the petition as is relevant to the question in judgment here is as follows: The petition states, ''That she has become incapacitated from attending to her usual duties, which were those of a teacher of music at which she was earning about $150 per month, and from attending to any other duties, and will in the future be incapacitated from the same; that she has thereby suffered and will in the future suffer great loss in her earnings; that the injuries aforesaid are permanent.''

The instruction on the measure of damages is as follows:

''The court instructs the jury that under the evidence and admissions of defendant they will find a verdict in favor of plaintiff and will assess her damages at such a sum, not exceeding the total sum of ten thousand dollars, as they believe from the evidence will be a reasonable compensation to the plaintiff.

''First: For any pain of body and anguish of mind suffered by her as the direct result of the in-

juries sustained by her as described in the evidence and caused by the derailment of the car on which plaintiff was riding, and also such pain of body and anguish of mind, if any, which will in all reasonable probability result to plaintiff from such injuries in the future.

"Second: For such reasonable expense as she has incurred for medical services and medicines directly caused by the said injuries (not exceeding for this item the sum of eight hundred dollars).

"Third: For any loss of earnings suffered by plaintiff as the direct result of said injuries, not exceeding for this item at the rate of twenty-one dollars per week.

"Fourth: For any loss of earnings, if any, which plaintiff will in all reasonable probability suffer in the future as the direct result of such injuries."

The fourth clause of this instruction alone—that is, that portion of it authorizing a recovery on account of loss of earnings which plaintiff may suffer in the future—is said to be erroneous under the rule announced in the case of Radtke v. St. Louis Basket, & Box Co., 229 Mo. 1, 129 S. W. 508. It is entirely clear that the question in judgment in the Radtke case is not involved here. The petition in that case averred that plaintiff "had lost in earnings, since the date thereof, . . . the sum of nine dollars per week, and will continue to lose *said sum* in the *future* for an indefinite period." From this appears that Radtke prayed a recovery only at the rate of nine dollars per week on account of earnings lost since his injury, and averred the same, that is a like amount per week, as his future loss of earnings. Therefore, the petition limited the right of recovery to future loss of earnings to nine dollars per week. In discussing this instruction, the Supreme Court pointed out this feature of the petition and the limitation on the right of recovery which it involved and, indeed, grounded

its judgment thereon, in that the instruction under review there prescribed no limitation whatever on the amount to be recovered for future loss of earnings. We quote the language of the court touching this matter, which may be found by reference to the case of Radtke v. Basket & Box Co., 229 Mo. 1, 18, 129 S. W. 508. The court said:

"The petition charged that his loss of earnings before the trial were nine dollars per week. Not only so, but that was the measure fixed for future loss of time, for the petition reads: 'and will continue to lose *said sum* in the future for an indefinite period.' The instruction permits recovery for 'loss of time' *without any limitation whatever.* The petition not only fixes the amount of lost earnings suffered but *limits* the loss of earnings in the future. It covers both those earnings suffered and to be suffered. It fixes the value of all such earnings at nine dollars per week. It is true that the petition avers that plaintiff's earning capacity 'is greatly impaired and perhaps entirely gone' but that does not change the fact that the value of the earnings was *fixed* by the petition. Defendant had a right to rely upon the admission of plaintiff that his loss in this respect had been and would be only nine dollars per week, and it was the duty of the court to so limit the right of recovery in this regard. The instruction given was erroneous upon this question." (The italics are ours.)

It appearing as it did in that case that the plaintiff by his averment had fixed a limitation upon his right of recovery for future earnings at the rate of nine dollars per week, the court declared the general instruction without any limitation whatever to be erroneous, for the reason, it is said, that defendant was entitled to the benefit of the admission that plaintiff's earnings in the future would not exceed that amount and, therefore, he claimed no more on that score. It is certain that no such limitation appears in

the instant case, for though plaintiff avers here that she had lost earnings in the past at the rate of $150 per month, the averment touching the future loss of earnings is, that "she has thereby suffered and will in the future suffer great loss in earnings; that the injuries aforesaid are permanent." Instead of incorporating a limitation in the petition with respect to this particular matter, plaintiff insists therein that she will suffer a "*great loss* in earnings in the future." The fourth clause of the instruction under review authorizes a recovery "For any loss of earnings, if any, which plaintiff will in all reasonable probability suffer in the future as a result of such injuries." This is eminently proper under the petition, for in the body of the instruction the jury are informed that the entire recovery including all elements of damage must not exceed $10,000, the amount prayed for.

The jury awarded plaintiff a recovery of $4250 and it is insisted that the verdict is grossly excessive. Plaintiff was a young woman thirty years of age at the time of her injury and a music teacher by profession. It appears that she had been earning in that capacity twenty-one dollars per week. At the time of the derailment of the car she was thrown from her seat upon the floor with such force as to render her unconscious. Shortly thereafter she was conveyed home in an ambulance and, though semiconscious at the time, she was unable to recognize her home when she reached it. The evidence tends to prove that she suffered concussion of the brain, three fractured ribs and a severe injury to the nervous system, resulting in the loss of memory, inability to sleep, chills, cramps and symptons of goitre. She was confined to her bed from the seventh of March to the middle of July, or about four months and one week and under the doctor's care. From the middle of July until the middle of September, she was unable to walk alone and was moved about only in a big chair. During the period while she was

confined to bed, she suffered frequent sinking spells, lapsing into unconsciousness for hours at a time. She suffered nervous chills during all the months between March seventh and the latter part of December. Ever since the injury, plaintiff has suffered severe pain at times in her head and her memory has become greatly impaired so that she can no longer memorize her music as before. It appears that, up to the time of her injury, plaintiff had been a strong and healthy person, and, indeed, had never required the attention of a physician since she was a "youngser," to put it in her own language. Prior thereto she had never suffered with headaches, but, since, she suffers with severe nervous headaches every few days, and some of these headaches continue for a week or ten days at a time.

An eminent nerve specialist, Dr. Frank R. Frye, who, under appointment by and at the instance of the court, examined her a few days before the trial, testified that plaintiff was not shamming or pretending her symptons; that while he thought she would recover, he was unable to give a definite opinion that she would. At any rate, she would always continue more vulnerable to nervous shocks than before her injury. Dr. Given Campbell gave testimony to the effect that plaintiff was still subject to dizzy spells and would probably be vulnerable in the future to a recurrence of relapse also to the possibility of goitre as a result of the injury.

It appears that plaintiff was unable to take up the teaching of music again until the first of December after her injury in March previous and even then performed her duties with great difficulty. For a time she had but one pupil and then a few more. The evidence tends to prove, as well, that she was unable to perform her work as before, and that it was impossible to give attention to as many pupils, because she becomes tired, nervous and worn from but slight effort. At twenty-one dollars per week, which it appears

plaintiff was earning when injured, her income would amount to $1092 per year. It appears that she paid out $285 during that time for doctor bills and about $50. for medicine. There is evidence tending to prove that she had suffered a loss on account of those outlays and her diminished earning capacity, during the first year after the injury, of about $1400. She is certainly entitled to be reasonably compensated for the pain and anguish she suffered, and though not permanently injured, it is clear that her earning power is largely diminished for the future. When these matters are considered, we do not regard the verdict as excessive.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.